U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 1 5 2015

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RICHARD E. LOWE, JR.,                §
                                     §
          Plaintiff,                 §
                                     §
VS.                                  §   NO. 4:15-CV-285-A
                                     §
PALO PINTO COUNTY SHERIFF'S          §
DEPARTMENT, ET AL.                   §
                                     §
          Defendant.                 §

<u>MEMORANDUM OPINION AND ORDER</u>

Now before the court is the complaint filed by Richard E.
Lowe, Jr., naming as defendants the Palo Pinto County Sheriff's
Department, Sheriff Ira Mercer, Captain Walt Rucker, Deputy Vest,
Sergeant Rice, and Sergeant Booker.

I.

<u>Screening Under 28 U.S.C. § 1915A</u>

Plaintiff is presently incarcerated at the Lindsey State
Jail. As a prisoner seeking redress from government officials,
plaintiff's complaint is subject to preliminary screening under
28 U.S.C. § 1915A. <u>See</u> <u>Martin v. Scott</u>, 156 F.3d 578, 579-80
(5th Cir. 1998). Section 1915A(b)(1) provides for <u>sua</u> <u>sponte</u>
dismissal if the court finds that the complaint is either
frivolous or fails to state a claim upon which relief may be
granted. A claim is frivolous if it "lacks an arguable basis in
either fact or law." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325
(1989). A complaint fails to state a claim upon which relief can

be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In evaluating whether the complaint states a valid claim for relief, the court construes the allegations of the complaint favorably to the pleader.   Warth v. Seldin, 422 U.S. 490, 501 (1975).   However, the court does not accept conclusory allegations or unwarranted deductions of fact as true, and a plaintiff must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action. Twombly, 550 U.S. at 555; Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994).

Having now considered the allegations in the complaint, the court concludes that it should be dismissed in its entirety under the provisions of 28 U.S.C. § 1915A.

II.

## Plaintiff's Claims

Plaintiff complains of events that occurred in December 2013 when he was housed in the Palo Pinto County Jail. The allegations of the complaint itself are very sparse, but somewhat augmented by documents attached thereto. It appears that on or about December 14, 2013, plaintiff got into a fight with another inmate

2

and suffered injuries to his face. Plaintiff alleges that some of his facial bones were broken and that he bled from his nose and coughed blood for several days thereafter. Plaintiff alleges that defendants refused to take him to the emergency room. Two of the documents attached to the complaint reflect that plaintiff had a CT scan on December 23, 2013, and that he agreed that day to be transferred from Palo Pinto General Hospital to John Peter Smith Hospital to receive treatment from another doctor. The three inmate request forms attached to the complaint (and presumably by which plaintiff made his written request for medical care) are dated December 21. And, a letter dated December 20 notes that the right side of plaintiff's head has been numb; that he fears his bones will heal out of place; that neither the sheriff nor the captain had been to see him; and that, although some of the jailers had wanted to help, he believed orders had been given by "ranking authority" or "ranking officials" to deny treatment. There is no proof that plaintiff exhausted available administrative remedies. Nor is there any indication that plaintiff suffered any lasting consequences as a result of his alleged injuries and deprivation.

3

III.

Analysis

It is apparent that neither Sheriff Ira Mercer nor Captain Walt Rucker had any personal involvement in the events giving rise to plaintiff's claims, as the attachments to the complaint reflect that neither of them would come to see plaintiff. (Plaintiff appears to be of the belief that if either of them had seen him, he would have gotten relief, i.e., medical attention.) Thus, plaintiff has apparently sued the sheriff and the captain based solely on their supervisory positions. However, supervisory officials cannot be held liable under § 1983 on any theory of vicarious liability. See, e.g., Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992). Accordingly, plaintiff's claims against defendants Mercer and Rucker must be dismissed.

All of the individual defendants appear to be sued in their official capacities. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985)(citation omitted). Thus, these claims are claims against the employer of the jailers, which plaintiff alleges is the Palo Pinto Sheriff's Department. However, the Palo Pinto Sheriff's Department is not an entity capable of being sued. Darby v. Pasadena Police Dep't, 939 F.2d 311, 313 (5th Cir. 1991). The

4

proper defendant would be Palo Pinto County. Rogers v. Nueces County Jail, No. C-07-410, 2007 WL 4367814, *4 (S.D. Tex. Dec. 13, 2007).

Regardless, plaintiff has alleged no facts that could support an action against such defendant. Section 1983 does not allow a governmental entity to be held vicariously liable for the actions of its officers under a theory of respondeat superior. 42 U.S.C. § 1983; Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). A governmental entity may be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of a constitutional right. Monell v. Dep't of Social Serv., 436 U.S. 658, 690-91 (1978). To hold a county liable under § 1983 thus requires the plaintiff to "initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted." Spiller v. Texas City Police Dep't, 130 F.3d 162, 167 (5th Cir. 1997)(internal quotation marks and citation omitted). To meet that requirement, a plaintiff must allege: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." Cox v. City of Dallas, 430 F.3d 734, 748 (5th Cir. 2005) (internal citations omitted); Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001). Moreover, the description of a policy or custom and its relationship to the

underlying constitutional violation "cannot be conclusory; it must contain specific facts." <u>Spiller</u>, 130 F.3d at 167. The general rule is that allegations of isolated incidents are insufficient to establish a custom or policy. <u>Fraire v. City of Arlington</u>, 957 F.2d 1268, 1278 (5th Cir. 1992).

Here, plaintiff does not identify a policymaker, an official policy, or a violation of constitutional rights brought about by such policy or custom. Nor does he allege more than an isolated incident of denial of medical care. For that reason, his claim against the Palo Pinto Sheriff's Department must be dismissed.

To the extent that plaintiff intended to sue the jailers in their individual capacities, such claims must also be dismissed. Not every claim by a prisoner that he received inadequate medical care states an Eighth Amendment violation. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-05 (1976). For a prison official's deliberate indifference to serious medical needs to rise to the level of a constitutional violation, a prisoner must establish that the official knew of and disregarded an excessive risk to the prisoner's health or safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Id.</u> An official's "failure to alleviate a significant risk that he

should have perceived but did not" does not constitute an Eighth Amendment violation. Id. At 838.

Plaintiff's own pleading shows that, although he was worried at the time about how his face might heal, his jailers did not share that concern. In fact, one of them noted that her sister had suffered a similar injury and recovered just fine without intervention. Although plaintiff mentions pain in the December 20 letter, it is plain that he feared pain in the event his bones did not heal properly and had to be re-set. As plaintiff noted in the same letter, his face was numb and swollen. Further, the record reflects that two days after plaintiff made his written requests for medical attention, he was examined at the local hospital. (By that time, the swelling had apparently gone down such that a CT scan could be performed.) In sum, the pleading does not contain sufficient facts to establish that plaintiff's jailers were deliberately indifferent to a serious medical need such that plaintiff would be entitled to the relief he seeks.

IV.

Order

The court ORDERS that plaintiff's claims in this action be, and are hereby, dismissed with prejudice pursuant to the authority of 28 U.S.C. § 1915A(b).

SIGNED April 15, 2015.

_____
JOHN McBRYDE
United States District Judge

8